**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAYSHAWN McGRUDER,<br><br>           Plaintiff,<br><br>    v.<br><br>COUNTY OF LOS ANGELES et al.,<br><br>           Defendants. | ) Case Nos. CV 17-5408-CJC (JPR)<br>)          CV 17-7024-CJC (JPR)<br>)          CV 19-10293-CJC (JPR)<br>)<br>)<br>) ORDER DISMISSING ACTIONS WITH<br>) PREJUDICE FOR FAILURE TO<br>) PROSECUTE<br>)<br>) |

    Plaintiff has three separate civil-rights actions pending in this District. He has been in and out of jail since filing the first one, in July 2017, and has repeatedly failed to timely notify the Court of his changes of address, unnecessarily delaying the resolution of various motions and the orderly progression of the litigation. The Court has warned him that failing to timely inform it and opposing counsel of address changes may result in his lawsuits being dismissed. See, e.g., McGruder v. Cnty. of L.A., No. CV 17-7024 (C.D. Cal. Sept. 18, 2017), ECF No. 77.

    On December 9, 2019, the Court attempted to serve an order on Plaintiff in his latest lawsuit, but on December 26 it was

1

returned as undeliverable. McGruder v. L.A. Cnty. Health Agency, No. CV 19-10293 (C.D. Cal. Dec. 26, 2019), ECF No. 7. The envelope bears a stamp indicating that Plaintiff had been released from his jail address of record. Id. at 10. Indeed, the Court's review of the Los Angeles County Sheriff's Department's Inmate Information Center website shows that Plaintiff was released on probation on December 11, 2019. See LASD Inmate Search, http://app5.lasd.org/iic/ajis_search.cfm (search using Plaintiff's first and last name) (last visited Dec. 30, 2019). Nearly three weeks later, he has not filed a change of address in any of his cases.

Local Rule 41-6 provides that

> [a] party proceeding pro se shall keep the Court . . . apprised of such party's current address . . . . If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a plaintiff's lawsuit for failure to prosecute. See also Link v. Wabash R.R., 370 U.S. 626, 629–30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

In deciding whether to dismiss a lawsuit for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendant that can be overcome only with an affirmative showing of just cause by the plaintiff. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. In particular, by failing to file a change of address, Plaintiff has rendered the Court unable to communicate with him. He has not rebutted the presumption of prejudice to Defendants, and no less drastic sanction is available. See Scott v. Belmares, 328 F. App'x 538, 539 (9th Cir. 2009) (affirming dismissal of civil-rights lawsuit in part because pro se plaintiff failed to keep court apprised of change of address under Local Rule 41-6). Although the fourth Carey factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits. And because Plaintiff has repeatedly failed to timely file changes of address and has been warned that his failure to do so could result in dismissal of his cases, dismissal should be with prejudice. See Amina v. WMC Mortg. Corp., 554 F. App'x 555, 555 (9th Cir. 2014) (upholding dismissal of action with prejudice for failure to prosecute when plaintiffs

"repeatedly" failed to comply with obligations in prosecuting case despite being warned that if they did not it might be dismissed). The Court has no basis to believe that if these lawsuits are allowed to continue or be refiled, Plaintiff will suddenly start complying with his obligations in prosecuting them.

It therefore is ORDERED that these actions are dismissed with prejudice for failure to prosecute.

LET JUDGMENTS BE ENTERED ACCORDINGLY.

DATED: December 30, 2019

CORMAC J. CARNEY
U.S. DISTRICT JUDGE

Presented by:

/s/
Jean P. Rosenbluth
U.S. Magistrate Judge